TURNPIKE SERVICE STATION, INC., Respondent, v. BLUE BIRD PETROLEUM CORP. et al., Appellants, et al., Defendants.— In an action by the owner of an automobile service station for a judicial declaration of its rights under a written sublease between it and the defendant Silray Service Station, Inc., and for the reformation of such sublease to accord with the intention of the parties, the said defendant Silray and the defendant Blue Bird Petroleum Corp. appeal from an order of the Supreme Court, Nassau County, dated July 17, 1962, denying their motion to dismiss, for patent insufficiency, the complaint "or that part of the complaint which seeks reformation" (Rules Civ. Prac., rule 106, subd. 4). Order modified by striking out its decretal paragraph denying the motion in its entirety, and by substituting therefor: (1) a provision granting the motion with respect to so much of the complaint and such of its allegations as relate to the cause of action for reformation; (2) a provision denying the motion insofar as the complaint pleads a cause of action for a declaratory judgment; and (3) a provision granting leave to plaintiff, if so advised, to serve an amended complaint separately stating and numbering any causes of action therein alleged. As so modified, the order is affirmed, without costs. Plaintiff's time to serve an amended complaint is extended until 30 days after entry of the order hereon. The allegations of the

complaint are commingled. While they purport to state two causes of action, neither cause is separately stated or separately numbered. The cause of action for reformation is inadequately stated. There are no allegations either of mutual mistake or of plaintiff's unilateral mistake induced by the defendants' fraud. A statement of one ground or the other is essential in order to maintain an action for reformation (*Isaacs* v. *Schmuck*, 245 N. Y. 77). However, the cause of action for the declaratory judgment is properly stated. Such an action may not be dismissed as insufficient merely because the plaintiff may not be entitled to the specific declaration or interpretation which he seeks (*Lanza* v. *Wagner*, 11 N Y 2d 317). If an amended complaint be served, the plaintiff, if so advised, may also set forth therein its claim that the defendant Silray in all its dealings with plaintiff arising out of the sublease, was under an obligation to act in good faith toward plaintiff, and that Silray violated this obligation by reason of its refusal to designate a supplier other than the defendant Blue Bird Petroleum Corp., after such defendant had refused to supply plaintiff with the required products at prices equal to those charged to plaintiff's competitors for comparable products. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.